**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHAOBO REN,

    Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

    Respondent.

No. 11-72873

Agency No. A099-901-049

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:   RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

  Shaobo Ren, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum and

withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on the omission from Ren's written statement of the arrest and physical harm he allegedly suffered. *See Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (adverse credibility finding supported where incidents petitioner omitted from asylum application materially altered claim); *Shrestha*, 590 F.3d at 1046-47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). In the absence of credible testimony, Ren's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, we lack jurisdiction to consider Ren's claim for relief under the Convention Against Torture because he did not appeal the IJ's denial of relief to the BIA. *See Barron v. Ashcrof*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

11-72873